# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 21, 2010

## STATE OF TENNESSEE v. SONNY WAYNE SMITH

**Direct Appeal from the Circuit Court for Marshall County**
**No. 2009-CR-44     Robert Crigler, Judge**

---

**No. M2009-01764-CCA-R3-CD - Filed February 8, 2011**

---

Defendant, Sonny Wayne Smith, was indicted by the Marshall County Grand Jury for harassment, a class E felony, in violation of Tenn. Code Ann. § 39-17-308. Defendant entered a guilty plea to the offense as charged. Following a sentencing hearing, Defendant was sentenced as a Range I standard offender to serve two years in confinement, and his sentence was ordered to be served consecutively to a misdemeanor sentence. In this direct appeal, Defendant challenges the length of his sentence and the consecutive sentencing. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Donna Leigh Hargrove, District Public Defender; and Michael J. Collins, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Sonny Wayne Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

On May 20, 2009, Defendant entered an open plea to one count of harassment, the charge for which he was indicted. The State gave the following factual basis for the offense:

> On February 3, 2009, the defendant was incarcerated for several offenses, one of which was harassment under 39-17-308.

While incarcerated on that offense he sent the victim of the original offense a letter that – the State's position and the sheriff's department position that that letter met the criteria of 39-17-308 in its wording and it did cause the victim to be fearful.

Based upon that set of facts, [Defendant] would be pleading guilty to the offense of harassment and because he was in jail and communicated with the same victim, that promotes it from a Class A misdemeanor to a Class E felony.

*Sentencing Hearing*

Probation officer James Grimes prepared the presentence report for Defendant's sentencing hearing on July 22, 2009. Mr. Grimes testified that Defendant made the following statement to him:

I flipped out in prison. I did a lot of stuff. I have been angry at my ex-spouse for a long time. Prison multiplied that a lot. I am still saying mean things to her. My only concerns are earning my ex-wife's forgiveness and getting to be a father to my children. I don't want to hurt her or anyone else. All of this time has done me more harm than good.

Truth is I love my ex but the pain of it is driving me nuts.

While in prison, Defendant sent letters to the victim, one of which stated, "PS. 100 days left. This old dog is going to get out of his cage. Tick tock, baby girl, it is time to straighten up and act right because big daddy is coming home."

Defendant had been charged with harassment against his former wife while he was serving a three-year prison sentence for his conviction for sexual battery by an authority figure against a minor. Defendant was serving a misdemeanor sentence in the Marshall County jail at the time he committed the offense charged in this case. Defendant's criminal history also included convictions for traffic offenses and juvenile offenses, including ungovernable behavior, brought against him by his mother, and burglary and vandalism. Defendant graduated from Tennessee Preparatory School, where he was committed because of his juvenile offenses.

After pleading guilty to the charge in this case, Defendant was charged with violation of an order of protection, for which Defendant was found guilty and sentenced to 11 months and 29 days to be served consecutive to another sentence he was already serving and was

ordered to continue counseling. Defendant was diagnosed by counselors at Centerstone on June 24, 2009, with "major depressive disorder recurrent severe without psychotic features."

Defendant attended anger management classes while in prison and was receiving counseling at the time of his sentencing hearing. In his statement to Mr. Grimes, Defendant also expressed remorse for his actions and stated,

> Prison messed me up. I needed time to calm down and try to get over what was going on with me and cope with it. I haven't been able to do that until now. I have been here nine months. I am getting counseling. I am getting better. I am not angry anymore.

Detective Dalton testified that while Defendant was serving a prison sentence for his sexual battery by an authority figure conviction, Detective Dalton was contacted by Defendant's ex-wife, who provided him with letters from Defendant, threatening bodily harm to her. In July, 2007, Detective Dalton sent certified letters to Defendant in prison advising him not to have any further contact with his ex-wife because she had filed a formal complaint. Detective Dalton did not bring any charges against Defendant at that point in time. However, the victim reported receiving threatening letters again in January, 2008, and Detective Dalton then charged Defendant with harassment. Defendant was convicted and sentenced to serve nine months, consecutive to the sentence he was serving in prison, in the Marshall County Jail.

Detective Dalton testified that on February 3, 2009, while serving his jail sentence for harassment, Defendant sent more letters to the victim, and he was charged with felony harassment, the offense to which Defendant entered a guilty plea in the instant case. Following his guilty plea in this case, the victim was granted an order of protection against Defendant, and Defendant was ordered to have no contact with the victim. Defendant violated the order of protection by sending the victim more letters. Detective Dalton testified that he had tried to avoid bringing charges against Defendant, but his work in this case led him to believe that when Defendant was released from jail, he would have hurt the victim and possibly their children. The letters from Defendant to the victim were not made exhibits at the sentencing hearing.

At the conclusion of the sentencing hearing, the trial court found the following two enhancing factors: 1) that Defendant had a previous history of criminal convictions and criminal conduct in addition to that necessary to establish the appropriate range; and 2) that Defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult. *See* Tenn. Code Ann. § 40-35-114(1), -(16). Finding no applicable mitigating factors, the court sentenced Defendant to two years,

the maximum sentence within the range. The trial court found that Defendant committed the offense while incarcerated and the court noted, "Well obviously it is common sense, somebody that breaks the law while they are in jail is deserving of the maximum sentence which is two years as a Range I Standard Offender." The court also denied any form of alternative sentencing, finding that Defendant committed the offense while incarcerated; that confinement was necessary to avoid depreciating the seriousness of the offense; and that "the unique circumstances of this case constitutes a long history of criminal conduct."

On appeal, Defendant argues that his sentence is excessive. Included in this argument, Defendant asserts that the consecutive sentencing contributes to the sentence being unduly excessive. A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999).

The weight given to each enhancement or mitigating factor is in the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. *State v. Zonge*, 973 S.W.2d 250, 259 (Tenn. Crim. App. 1997). The statutes prescribe no particular weight for an enhancement or mitigating factor. *State v. Gosnell*, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001).

As noted above, the trial court implied that commission of a crime while incarcerated always warrants the maximum sentence. While this may indeed be very logical as found by the learned trial judge, this conclusion has not been authorized by the General Assembly, although commission of a crime while incarcerated is now an advisory enhancement factor. Tenn. Code Ann. § 40-35-114(13)(I). Nevertheless, we conclude that the trial court properly sentenced Defendant. Defendant continued to harass the victim by sending threatening letters even after being advised by the detective to stop and even after being charged with the instant offense, and did so while incarcerated. Defendant's disregard for the law continued even after he pleaded guilty to the offense when he violated the order of protection while awaiting his sentencing hearing. Defendant's two-year sentence is not excessive.

While Defendant also appears to challenge the trial court's order of consecutive sentencing, he offers no argument in support of why his sentence should not have been

ordered to run consecutively. In ordering Defendant's sentence to be served consecutive to the sentence he was serving for violation of an order of protection, the trial court found that Defendant committed the offense while incarcerated and that Defendant has an extensive criminal history.

Pursuant to Tenn. Code Ann. § 40-35-115, a court may order consecutive sentencing if the court finds by a preponderance of the evidence that "[t]he defendant is an offender whose record of criminal activity is extensive;" or that "[t]he defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115(b)(2), -(6). The trial court noted the irony that the statute allows for consecutive sentencing where a defendant is on probation at the time of the offense, but does not specifically provide for a defendant who commits an offense while incarcerated. The trial court stated, "[a]ll I can say is it defies logic that you can have a consecutive sentence for committing an offense while on probation but it doesn't apply for something when you are in jail." We agree and so noted in *State v. Michael Blazer*, No. 03C01-9405-CR-00185, 1995 WL 45807, at *2 (Tenn. Crim. App. at Knoxville, Feb. 3, 1995). We also note that the General Assembly has not chosen to amend the statute in the sixteen years since the opinion in *Blazer* was filed.

While the statute does not provide for a trial court's discretionary consecutive sentencing when a defendant commits an offense while incarcerated, in this case, the preponderance of the evidence supports the trial court's finding of a valid statutory factor. Therefore, Defendant is not entitled to relief on this issue.

## CONCLUSION

After a review of the record, we find no error and affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE